1999 OK CIV APP 41

**Shelia Elaine ROSSELL,
Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF TRANSPORTATION; Wayne Wright d/b/a Square Deal Oil Field Service Company; and Gary Wayne Wright, Defendant/Appellee.**

No. 92,053.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Jan. 8, 1999.

Certiorari Denied March 23, 1999.

Joseph J. Reinke, Oklahoma City, Oklahoma, For Plaintiff/Appellant.

James M. Robinson, Assistant Attorney General, Oklahoma City, Oklahoma, For Defendant/Appellee.

## MEMORANDUM OPINION

CAROL M. HANSEN, Presiding Judge:

¶1 Plaintiff/Appellant, Shelia Elaine Rossell, seeks review of the trial court's order granting summary judgment in favor of Defendant/Appellee, State of Oklahoma ex rel. Oklahoma Department of Transportation (ODOT).[1] Rossell sued ODOT and others for negligence after her husband, Bill Rossell (Decedent), was killed in an automobile accident. According to Rossell's amended petition, Decedent was driving eastbound on U.S. Highway 412 in Balko, Beaver County, Oklahoma, when he attempted to pass a vehicle driven by Defendant, Gary Wayne Wright. The highway markings consisted of a broken center line, and there was no sign warning of an intersection. Rossell alleges that as Decedent was passing, Wright attempted a left turn, without signaling, onto a county road causing the accident which resulted in Decedent's death. She alleges ODOT was negligent in (1) failing "to reasonably assess the conditions at the site of the accident to determine the propriety of marking the site as a proper site to pass," (2) failing "to act in a reasonable and prudent manner to notify [Decedent] of the existence of an intersection at the site of the accident," and (3) "creating an unreasonable danger in marking the site

---

1. Because the order adjudicated the claims of fewer than all the parties, it is appealable pursuant to 12 O.S.Supp.1995 § 994(A) only if the trial court expressly determines there is no just reason for delay and directs the filing of a final judgment. The language in the order certifying the issue for immediate interlocutory appeal will be deemed to satisfy this requirement.

of the accident as a location where passing is permitted."

¶ 2 ODOT moved to dismiss or in the alternative for summary judgment on the grounds it was immune from liability on Rossell's claim pursuant to the Governmental Torts Claims Act, 51 O.S.Supp.1994 § 155(15), which provides,

The state or a political subdivision shall not be liable if a loss or claim results from:

· · ·

15. Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within a reasonable time after actual or constructive notice. Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices. The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions; . . .

In her objection to the motion, Rossell argued her claim was based upon ODOT's "mis-marking of the roadway" rather than "upon the failure to place a sign or control device," and therefore 51 O.S.Supp.1994 § 155(15) was inapplicable. She argued "the lane line which signifies that passing is permitted was wrong" because passing within 100 feet of an intersection is prohibited by 47 O.S.1991 § 11–306, and therefore ODOT's action "cannot be within the discretionary function exception to the waiver of immunity."

¶ 3 In its response, ODOT argued a solid yellow line designates a "No Passing Zone," but the "absence of a solid yellow line does not authorize passing. It indicates the general rules apply." ODOT is authorized by 47 O.S.1991 § 11–307(a) "to determine those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones." It contended its decision whether to mark an area as a no-passing zone is discretionary and therefore within the acts exempted from liability under 51 O.S.Supp.1994 § 155(15). We agree.

¶ 4 The lack of solid yellow lines marking the intersection where the accident occurred as a no-passing zone, as well as the lack of a sign marking the intersection, constitute the "absence, condition, location or malfunction of any traffic or road sign, signal or warning device" within the meaning of the Governmental Torts Claims Act, 51 O.S.Supp.1994 § 155(15). Therefore, ODOT is immunity from liability for Rossell's claim.

¶ 5 Accordingly, the order of the trial court is **AFFIRMED**.

JONES, C.J., concurs.

ADAMS, J., dissents with separate opinion.

ADAMS, J., Dissenting,

¶ 1 I would dismiss this appeal as premature or at least require the parties to obtain an amended or new order from the trial court making an "express determination that there is no just reason for delay and . . . an express direction for the filing of a final judgment, decree, or final order" as required by 12 O.S.Supp.1995 § 994(A). The trial court's order, "deemed" by the majority to satisfy this requirement, states "this is proper case for an immediate interlocutory appeal of the Order awarding summary judgment and therefore this order is certified for immediate interlocutory appeal." Unlike the majority, I am unable to determine from this language whether the trial court was attempting to make the "express" finding and determination required by § 994(A) or whether, as might be indicated by its use of the terms "interlocutory" and "certified," this

was an attempt to make the order appealable under 12 O.S.1991 § 952(b)(3).

¶2 Lest I be accused of placing form before substance, it is important to note that the consequences of vague language in these types of orders can be significant. If the order is treated as one qualifying under § 994(A), a judgment has been entered and will become final if not timely appealed. An order certified under § 952(b)(3) is not a judgment and need not be immediately appealed. *See* 12 O.S.1991 § 952.

¶3 Section 994(A) was adopted to introduce certainty into determining when an appeal was required in cases involving multiple causes of actions and/or multiple parties. By its terms, this sections requires that we treat orders in such cases which do not purport to adjudicate all of the claims by and between all of the parties as not final unless the trial court has made the "express" findings and determinations required by the statute. We only exacerbate the uncertainty of determining when orders in these cases are final and appealable by giving less than literal application to the terms of the statute.